FILED

February 2, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 7:26 AM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | | |
|---|---|---|
| Elsa Arriaga, | ) | Docket No.:  2014-01-0012 |
| Employee, | ) | |
| v. | ) | State File No.: 55942-2014 |
| | ) | |
| Amazon.com, Inc. | ) | Judge Thomas Wyatt |
| Employer, | ) | |
| | ) | |
| And | ) | |
| | ) | |
| Zurich American Ins. Co., | ) | |
| Insurance Carrier. | ) | |

---

## EXPEDITED HEARING ORDER FOR MEDICAL BENEFITS

---

THIS CAUSE came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing (REH) filed by the employee, Elsa Arriaga, on December 23, 2015, pursuant to Tennessee Code Annotated section 50-6-239 (2015). Ms. Arriaga seeks medical and temporary disability benefits arising from an alleged work injury occurring July 3, 2014.

The central legal issue raised during this hearing is whether Ms. Arriaga came forward with sufficient medical expert opinion to prove that her alleged injury arose primarily out of and in the course and scope of employment. For the reasons set forth below, the Court finds Ms. Arriaga is entitled to medical benefits, but is not entitled to the temporary partial disability benefits.

### History of Claim

Ms. Arriaga is a forty-eight-year-old resident of Chattanooga, Tennessee. (T.R. 1 at 1.) During the year before her alleged July 3, 2014 work injury, Ms. Arriaga had worked as an order picker at the Chattanooga warehouse facility of Amazon.com, Inc. (Amazon). (Ex. 2.) During the hearing, Ms. Arriaga testified her job at Amazon required

1

her to walk ten to fifteen miles per day at a fast pace to satisfy the requirement that an order picker retrieve one thousand items over the course of each work shift. She also testified that the job required her to repetitively strain with her arms and back to lift items, some of which are heavy, from Amazon's storage shelves.

On July 3, 2014, Ms. Arriaga developed such severe pain in her right upper back, right shoulder, right arm, right hand, and both ankles and feet that she could no longer work after lunch break. (Ex. 1 at 1, 5.) She attempted to report her injury to Amazon's on-site nursing facility, but was unsuccessful because it was unstaffed due to the Fourth of July holiday. (Ex. 1 at 1.)

Ms. Arriaga's next-scheduled work day was July 11, 2014. Before her shift began, she reported her work injury to the nurse in the on-site facility. In an accident report provided by the nurse, Ms. Arriaga reported ankle and heel pain so severe she could not walk; pain in her right shoulder, back, and neck; numbness and tingling in her right thumb and fingers; and muscle spasms in her right arm. (Ex. 1 at 5.) The nurse referred Ms. Arriaga to Amazon's human resources department for determination of whether the reported injury was work-related.

Ms. Arriaga saw Ms. Sowder in Amazon's human resource department. (Ex. 1 at 2.) She claimed that Ms. Sowder gave her some forms and told her to see her personal physician to determine if her injury was work-related. *Id.* at 2, 6, 24, 25. Ms. Arriaga testified Ms. Sowder refused her request for a panel of physicians to treat her alleged work injuries. Pursuant to Ms. Sowder's instructions, Ms. Arriaga left Amazon without working on July 11.

Ms. Arriaga made an appointment with her primary care provider, Sentef Medical Centers, where she saw Nurse Practitioner Joan Keel on July 14, 2014 to discuss her alleged work injuries. (Ex. 1 at 2; Ex. 4.) Ms. Arriaga described her symptoms consistently with the description she wrote in Amazon's accident report. (Ex. 1 at 5; Ex. 3 at 2.) N. P. Keel referred Ms. Arriaga to a podiatrist and an orthopedic surgeon. (Ex. 1 at 8, 10; Ex. 3 at 3.)

Ms. Arriaga saw podiatrist Dr. Ira Krause on July 18, 2014. (Ex. 1 at 13.)[1] Dr. Krause diagnosed retrocalcaneal tendonitis and a calcaneal spur and fitted Ms. Arriaga with braces for nighttime use. *Id.* at 13, 16. Dr. Krause released Ms. Arriaga to return to work with restrictions of no walking, pushing, carrying, or climbing for extended periods of time. *Id.* at 13.

---

[1] Amazon's counsel objected to Ms. Arriaga's attempt to introduce Dr. Krause's report into evidence. The Court overruled the hearsay objection because Dr. Krause signed the report. Tenn. Comp. R. & Regs. 0800-02-21-.16(6)(b) (2015). The Court sustained the objection as to Ms. Arriaga's hand-written notes at the bottom of the report.

2

On July 22, 2014, Ms. Arriaga returned to Amazon with the paperwork she received from N. P. Keel and Dr. Krause. (Ex. 1 at 3.) She gave the papers to Devin Martin in Amazon's human resources department. *Id.* Ms. Martin had Ms. Arriaga complete another accident report, in which Ms. Arriaga reported that her job at Amazon required her to walk at a fast pace, scan items with a scanner, place merchandise in a tote, and place the tote on a conveyor belt. *Id.* at 27. Ms. Arriaga indicated on the report that she experienced pain in her ankles, numbness and tingling in her right arm and fingers, and pain in her right arm and the right side of her upper back. *Id.* On this date, Amazon offered Ms. Arriaga a panel, from which she selected Occupational Health Services for authorized care of her alleged work injuries. *Id.* at 26.

Ms. Arriaga saw a provider[2] at Occupational Health Services on July 23, 2014, to whom she reported that her ankles hurt; she experienced pain in the right side of her back; and she had numbness, tingling, and muscle spasm in her right arm. (Ex. 1 at 27.) She described her work activities consistently with the description in the accident reports she completed at Amazon. *Id.* She told the provider she saw at Occupational Health Services that she believed her symptoms related to the work she performed at Amazon. *Id.*

After concluding the examination, the examining provider completed an Amazon form by marking "x's" in boxes indicating Ms. Arriaga's conditions were not work-related and she could return to work without restrictions.. (Ex. 1 at 29; Ex. 3 at 1.) Amazon utilized the opinions in this form to deny Ms. Arriaga's workers' compensation claim.

Pursuant to N. P. Keel's referral, Ms. Arriaga saw Dr. Jason C. Eck on July 28, 2014. (Ex. 6 at 1.) Dr. Eck noted that Ms. Arriaga presented with "neck, right arm to the hand and right upper back pain" that she had experienced since July 3, 2015, while performing repetitive work at Amazon. *Id.* Dr. Eck ordered MRIs of the cervical and thoracic spines. *Id.* at 4.

On August 6, 2014, Dr. Eck met with Ms. Arriaga to discuss the MRI results. *Id.* Dr. Eck interpreted the cervical MRI to reveal "[m]ultilevel mild to moderate cervical spondylosis, most severe at the C5-6 level with right paracentral disc protrusion, right lateral recess encroachment and severe right foraminal stenosis." (Ex. 6 at 4-5.) Dr. Eck recommended C5-6 anterior cervical discectomy fusion surgery to treat Ms. Arriaga's cervical spinal condition. *Id.* at 5.

On the causation issue, Dr. Eck opined, "[p]atient denies any neck pain or arm

---

[2] The parties submitted limited records, consisting of two pages, documenting Ms. Arriaga's examination at Occupational Health Services. (Ex. 1 at 27, 29; Ex. 3.) Ms. Arriaga answered "I don't know" when asked on cross-examination if she saw Dr. David Schultz at Occupational Health Services. Neither of the documents from Occupational Health Services definitively identified the provider who saw Ms. Arriaga by name or profession.

3

issues or signs of myelopathy prior to July 2014 injury at work. As a result, I believe her current symptoms are directly relate[d] to this work injury." (Ex. 6 at 4.) In the "Plan" section of his report, Dr. Eck wrote the description "(Workers Compensation)" after his recommendation to perform fusion surgery. *Id.* at 5.

During the Expedited Hearing, Ms. Arriaga testified she quit her job at Amazon because Amazon would not pay the medical bills she incurred for treatment of her alleged work injuries. Ms. Arriaga went to work for Blossom Designs, a florist, shortly after she quit her job at Amazon. She testified the florist job is less physically demanding than her job at Amazon and, as such, it better accommodates the physical restrictions she experiences due to her injury at Amazon.

Ms. Arriaga filed a Petition for Benefit Determination (PBD) on September 22, 2014, seeking medical and temporary disability benefits. (T.R. 1.) Following a failed mediation, the assigned mediator filed a Dispute Certification Notice (DCN) on November 5, 2014. (T.R. 2.)

## Findings of Fact and Conclusions of Law

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2015). The employee in a workers' compensation claim has the burden of proof on all essential elements of a claim. *Scott v. Integrity Staffing Solutions*, No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

### Causation

Tennessee Code Annotated section 50-6-102(14) (2015) defines what constitutes a compensable "injury" on or after July 1, 2014. Only "accidental" injuries, in other words, those injuries "caused by a specific incident or set of incidents arising primarily out of and in the course and scope of employment, and . . . identifiable by time and place of occurrence," entitle an employee to workers' compensation benefits. Tenn. Code Ann. § 50-6-102(14)(A) (2015). Subsections (B) and (C) of Tennessee Code Annotated section 50-6-102(14) (2015) refine the definition of compensable injury by requiring that the alleged work injury and any disablement or treatment arising in connection therewith

4

"[arose] primarily out of and in the course and scope of employment." Subsections (B) and (C) further refine the definition by providing that the employee must prove his or her alleged injury arose primarily out of and in the course and scope of employment by evidence that the "employment contributed more than fifty percent (50%) in causing the [alleged injury], considering all causes." Tennessee Code Annotated section 50-6-102(14)(A) (2015) states that the "arising primarily out of" requirement "be shown to a reasonable degree of medical certainty."

At an Expedited Hearing, the employee is not required to prove entitlement to the requested benefits by a preponderance of the evidence, but must come forward with sufficient evidence from which this Court can conclude that, at a hearing on the merits, she will establish entitlement to the requested benefits. *See McCord v. Advantage Human Resourcing, supra.* The Court finds Ms. Arriaga came forward with sufficient evidence during the Expedited Hearing in this claim to recover medical benefits.

Amazon contends Ms. Arriaga cannot recover because the authorized treating physician, the provider at Occupational Health Services, opined that her injury is not work-related. Amazon is correct that Tennessee Code Annotated section 50-6-102(14)(E) (2015) affords a presumption of correctness to the "opinion of the *treating physician*, selected by the employee from the employer's designated panel." (Emphasis added.) However, the evidence introduced in this claim did not establish that a physician saw Ms. Arriaga at Occupational Health Services. Neither the panel form (Ex. 1 at 26) nor the form on which the provider indicated his or her causation opinion (Ex. 1 at 29; Ex. 3) identified the name or profession of the provider who saw Ms. Arriaga at Occupational Health Services. Ms. Arriaga testified "I don't know" in response to Amazon counsel's question whether she saw Dr. David Schultz at Occupational Health Services. In view of the above, the Court finds Amazon did not establish that the causation opinion of the provider at Occupational Health Services is entitled to the presumption of correctness afforded by section 50-6-102(14)(E) (2015).

Even had Amazon established that Ms. Arriaga saw a physician at Occupational Health Services, this Court would hold that Ms. Arriaga successfully rebutted said provider's opinion that her injuries were not work-related. Tennessee Code Annotated section 50-6-102(14)(E) (2015) provides that the presumptively-correct causation opinion of the authorized treating physician is not determinative if rebutted by a preponderance of the evidence. In considering whether Ms. Arriaga rebutted the adverse causation opinion of the provider at Occupational Health Services, the Court considers the following:

- Ms. Arriaga testified clearly, affirmatively, and without contradiction that her injuries arose while performing the fast-paced, repetitive walking and retrieval of items required of her to execute the job of picker at Amazon;

- Ms. Arriaga presented the in-court testimony of her husband, Bryan

5

Edgeman, a veteran of two and one-half years as a picker at Amazon. Mr. Edgeman testified consistently with Ms. Arriaga regarding the physical demands of the picker job at amazon. Mr. Edgeman testified that pickers at Amazon must retrieve one thousand items during a ten-hour shift and must often retrieve and lift heavy items stored on overhead shelves.

- Amazon did not present evidence that challenged Ms. Arriaga's and Mr. Edgeman's descriptions of the physical demands of the picker job;

- Ms. Arriaga presented the opinion of Dr. Jason Eck, an orthopedic surgeon, who opined that her cervical spinal injury was "[d]irectly related to this [July 2014] injury at work." (Ex. 6 at 4.) Dr. Eck rendered his opinion after obtaining the benefit of cervical and thoracic MRIs; and,

- Ms. Arriaga presented the records of podiatrist Dr. Ira Kraus, who, while not giving a specific causation opinion, limited Ms. Arriaga from performing the type of work she performed at Amazon.

On the basis of the above, the Court accepts as credible Ms. Arriaga's testimony that the strenuous physical demands of her picker job at Amazon caused the pain she experienced in her feet and back on and after July 3, 2014. The Court further finds that Dr. Kraus' specialty as a podiatrist; Dr. Eck's specialty as an orthopedic surgeon; and Dr. Eck's access to the results of MRIs of Ms. Arriaga's spine put Drs. Kraus and Eck in a better position than the provider at Occupational Health Services to assess the causation of Ms. Arriaga's injuries. Accordingly, the Court finds that Ms. Arriaga rebutted the adverse causation opinion of the provider at Occupational Health Services and, at a hearing on the merits of the claim, she will likely prevail in establishing her injuries arose out of and in the course and scope of employment.

*Medical Benefits*

Tennessee Code Annotated section 50-6-204(a)(1)(A) (2015) provides that an employer must provide free of charge to the employee such medical care as is reasonable and necessary to treat an employee's work injury. Tennessee Code Annotated section 50-6-204(a)(3)(A)(i) (2015) requires that the employer offer an injured employee a panel of physicians from which to select a physician to provide authorized treatment of a work injury.

The Court finds that Amazon failed to comply with the above statutory directives when it declined to offer Ms. Arriaga a panel upon her report of work injury on July 11, 2015. While Amazon may have genuinely doubted the compensability of Ms. Arriaga's claim, those doubts do not insulate it from liability for the treatment it forced Ms. Arriaga to obtain on her own when, instead of providing her a panel, it instructed her to go to

6

unauthorized physicians to establish the compensability of her claim. In *McCord v. Advantage Human Resourcing, supra,* at \*7, the Workers' Compensation Appeals Board recognized an employer's right to question the compensability of an employee's report of a work-related injury. The Appeals Board, however, held that right to question comes with a risk, stating in its opinion, "an employer who elects to deny a claim runs the risk that it will be held responsible for medical benefits obtained from a medical provider of the employee's choice[.]" *Id.*

As an adjunct to the Court's finding that Ms. Arriaga established the compensability of her injuries, the Court also finds Amazon is liable for the treatment and diagnostic testing Ms. Arriaga obtained at and under the prescription of N. P. Keel, Dr. Kraus, and Dr. Eck. Ms. Arriaga and/or said providers shall provide Amazon itemized charges for the subject treatment to Amazon which Amazon shall promptly process and pay. Amazon shall promptly authorize and schedule appointments for Ms. Arriaga to see Drs. Kraus and Eck for on-going treatment.

*Temporary Disability Benefits*

Tennessee Code Annotated section 50-6-207(2) (2015) establishes an injured employee's potential right to temporary partial disability benefits. The statute provides that an employee's compensable temporary partial disability is compensated by a payment of "sixty-six and two thirds percent (66 2/3%) of the difference between the average weekly wage of the worker at the time of the injury and the wage the worker is able to earn in the worker's partially disabled condition."

Ms. Arriaga testified she quit her job at Amazon and went to work in a florist job shortly thereafter. She did not offer evidence of the amounts she earned in the florist position. Under the above circumstances, the Court finds Ms. Arriaga did not establish that she will likely prevail at a hearing on the merits that she is entitled to temporary partial disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Arriaga's request for medical benefits is granted. Ms. Arriaga and/or the subject providers shall provide Amazon itemized charges for the past treatment she received for her compensable injuries, which Amazon shall promptly process and pay. Amazon shall promptly authorize and schedule appointments for Ms. Arriaga to receive ongoing care by Drs. Kraus and Eck.

2. Ms. Arriaga's request for temporary partial disability benefits is denied at this time.

3. This matter is set for a Status Conference on **March 17, 2016, at 9:00 a.m. Eastern Time.**

**ENTERED this the 2nd day of February, 2016.**

**Judge Thomas Wyatt**
**Court of Workers' Compensation Claims**

Status Hearing:

A Status Hearing has been set with **Judge Thomas Wyatt, Court of Workers' Compensation Claims. You must call 855-747-1721, toll-free, or at 615-741-3061 to participate.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board

will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

The Court reviewed the following documents and designates these documents as the Technical Record:[3]

1. Petition for Benefit Determination (PBD), filed September 22, 2014;
2. Dispute Certification Notice (DCN), filed November 5, 2015;
3. Notice of Filing Wage Statement, filed March 23, 2015;
4. Amazon's Motion to Dismiss, filed August 27, 2015;
5. Order Denying Motion to Dismiss and Requiring Discovery Responses, filed September 15, 2015;
6. Request for Expedited Hearing (REH), filed December 7, 2015; and
7. Employer's Position Statement for Expedited Hearing, filed December 17, 2015.

The Court reviewed the following documents in reaching its decision and designates the documents as Exhibits solely for ease of reference by the Court:

1. Affidavit of Elsa Ariaga with attached exhibits;
2. First Report of Injury;
3. Health Care Provider Request for Medical Information form signed by a provider at Occupational Health Services;
4. Records of Sentef Medical Centers, PLLC/Nurse Practitioner Joan Keel;
5. Request for Expedited Hearing form filed December 7, 2015;
6. Records of McCallie Physician Office/Dr. Jason C. Eck; and
7. December 21, 2015 note from Dr. Jason C. Eck. (For identification only.)[4]

---

[3] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

[4] The Court sustained Amazon's objection to this document on the ground Ms. Arriaga did not file it with the Clerk or provide it to Amazon's counsel prior to the hearing.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order For Medical Benefits was sent to the following recipients by the following methods of service on this the 2nd day of February, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Elsa Arriaga, Self-Represented Employee | | | X | Littleyankee713@gmail.com |
| Charles E. Pierce, Employer's Attorney | | | X | cepierce@mijs.com |

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

11